NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianlee.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianlee.com
BRIAN C. ZHANG, SBN 342032
brian.zhang@salisianlee.com
**SALISIAN | LEE LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2924
Telephone:   (213) 622-9100
Facsimile:    (800) 622-9145

MARISA D. POULOS (SBN 197904)
marisa.poulos@balboacapital.com
**BALBOA CAPITAL**
575 Anton Boulevard, 12th Floor
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL,<br><br>Plaintiff,<br><br>vs.<br><br>VITACORE, INC., a Nebraska corporation, doing business as WEIGH OF LIFE,<br><br>Defendant. | Case No.:<br><br>**PLAINTIFF AMERIS BANK D/B/A BALBOA CAPITAL'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT** |

COMPLAINT

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing business as Balboa Capital ("Balboa" or "Plaintiff"), alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Ameris Bank d/b/a Balboa Capital ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital as one if its divisions, which division has its principal place of business in the State of California, County of Orange.

2. Defendant Vitacore, Inc., doing business as Weigh of Life ("Vitacore") is, and at all times relevant to this action was, a Nebraska corporation with its principal place of business in the County of Fillmore, State of Nebraska.

3. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

4. Pursuant to the Equipment Financing Agreement described herein, Defendant agreed that document would be governed by the laws of the State of California. In addition, the Equipment Financing Agreement provides, in pertinent part, as follows:

> **30. CONSENT TO EXCLUSIVE AND MANDATORY JURISDICTION AND VENUE OF CALIFORNIA.** Debtor submits to the jurisdiction of California and agrees that any action or proceeding to enforce this Agreement, or any action or proceeding arising out of or related to this Agreement will be exclusively commenced, initiated and litigated in the California State Courts of Orange County California and/or the United States District Court for the Central District of California, Santa Ana Division.

5. <u>Jurisdiction</u>. This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

6. Specifically, as described above, Balboa is a citizen of the States of Georgia and California; Vitacore is a citizen of the State of Nebraska; and there

exists complete diversity of citizenship between Plaintiff and Defendant. Lastly, as alleged herein, the amount in controversy exceeds $75,000.

7. <u>Venue</u>. This case is properly venued in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. § 84(c)(3).

8. All officers of Balboa, including all witnesses, and of Balboa's documents are located in the State of California, County of Orange. The transactions at issue in this Action occurred in the State of California, County of Orange.

## FIRST CAUSE OF ACTION
## (Breach of Equipment Financing Agreement)
## (Against Vitacore)

9. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

10. Prior to September 2023, Balboa is informed and believes that Vitacore initiated and engaged with Dahlia Health LLC, located at 10052 Justin Dr Suite L, Urbandale, IA 50322 (the "Equipment Vendor"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as the "Collateral") for its business. The Equipment Vendor worked with Vitacore in the selection of the Collateral and in coordinating its delivery.

11. Thereafter, Balboa is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated submission of Vitacore's electronic credit application to Balboa and other financial institutions. Upon review, Vitacore concluded that Balboa offered agreeable terms to finance the Collateral commensurate with its requirements. Thereafter, the Equipment Vendor accumulated and submitted to Balboa the requisite signatories, documentation and financial information from the Vitacore to finance the Collateral being supplied by the Equipment Vendor.

12. On or about September 14, 2023, Vitacore executed a certain written Equipment Financing Agreement No. 244146-001 (the "EFA"), under the terms of which Balboa loaned to Vitacore the sum of Eighty Thousand Nine Hundred Seventy Dollars and Zero Cents ($80,970.00) in order to finance the Collateral for its business. The EFA required Vitacore to make sixty (60) monthly payments of $1,798.68, payable on the 14th day of each month beginning November 14, 2023. A true and correct copy of the EFA is attached as **Exhibit A** and is incorporated here by reference.

13. The last payment received by Balboa was credited toward the monthly payment due for June 14, 2024. Therefore, on or about July 14, 2024, Vitacore breached the EFA by failing to make the monthly payment due on that date. Defendant Vitacore's failure to make timely payments is a default under the terms of the EFA.

14. In accordance with the EFA, and as a proximate result of Vitacore's default thereunder, Balboa declared the entire balance of the payments under the EFA to be immediately due and payable to Balboa. Therefore, there became due the sum of $93,531.36. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Vitacore.

15. In addition, the terms of the EFA provide that Vitacore is liable to Balboa for late charges on all payments not made in a timely manner. As of the date of the filing of Balboa's Complaint, late charges in the sum of $323.76 are now due and owing.

16. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA, except as excused or prevented by the conduct of Vitacore.

17. As a proximate result of Vitacore's breach of the EFA, Balboa has been damaged in the total sum of **$93,855.12**, plus prejudgment interest from July 14, 2024, until the entry of judgment herein.

18. Further, under the terms of the EFA, Vitacore promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Vitacore.

19. The EFA also provides Balboa the remedy of possession of the Collateral and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining the Collateral and apply the net proceeds from the sale to the remaining loan balance. Alternatively, if possession cannot be had, Balboa is entitled to recover the value of the Collateral.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Balboa prays for judgment against Defendant as follows:

1. The sum $93,855.12;

2. Prejudgment interest from July 14, 2024 to the date of entry of judgment;

3. Late charges and non-sufficient charges in an amount to be proven at trial;

4. An order to recover possession of the Collateral which is the subject of the EFA, or if the Collateral cannot be delivered, for its reasonable value according to proof;

5. Reasonable attorneys' fees and costs;

6. Costs of suit as provided by law; and

7. Such other and further relief that the Court considers proper.

DATED:  August 20, 2024            SALISIAN | LEE LLP

By: _____
Neal S. Salisian
Jared T. Densen
Brian C. Zhang

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL