UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-01829-MWF (DFMx) | **Date:** December 17, 2024 |
| **Title:** Ameris Bank v. Vitacore, Inc. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:  
Rita Sanchez

Court Reporter:  
Not Reported

Attorneys Present for Plaintiff:  
None Present

Attorneys Present for Defendant:  
None Present

**Proceedings (In Chambers):** ORDER DISCHARGING ORDER TO SHOW CAUSE [12] AND GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [13]

Before the Court is Plaintiff Ameris Bank d/b/a Balboa Capital's Motion for Default Judgment Against Defendant Vitacore, Inc. d/b/a Weigh of Life (the "Motion"), filed on November 12, 2024. (Docket No. 13). No opposition or reply was filed.

The Court has read and considered the papers on the Motion and held a hearing on **December 16, 2024**.

The Motion is **GRANTED** and the Order to Show Cause ("OSC") is **DISCHARGED**. Plaintiff has satisfied the procedural and substantive requirements for a default judgment and is awarded **$90,527.77** in damages, **$5,210.31** in attorneys' fees, **$3,881.04** in prejudgment interest, and **$555.00** in costs as requested.

## I. BACKGROUND

### A. Factual Allegations

Plaintiff initiated this action on August 20, 2024. (Complaint (Docket No. 1)). The Complaint contains the following allegations, which are accepted as true for purposes of the Motion. *See* Fed. R. Civ. P. 8(b)(6); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) ("[U]pon default the factual allegations of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 24-01829-MWF (DFMx) | **Date:** December 17, 2024 |
| **Title:** | Ameris Bank v. Vitacore, Inc. | |

complaint, except those relating to the amount of damages, will be taken as true." (internal quotation marks and citations omitted)).

Plaintiff is a Georgia state-chartered banking corporation with its principal place of business in Orange County. (Complaint ¶ 1). Defendant is a Nebraska corporation with its principal place of business in Nebraska. (*Id.* ¶ 2). As discussed below, the parties executed a contract termed the Equipment Financing Agreement ("EFA"). (*Id.* ¶ 12). Through the EFA's forum selection clause, the parties chose the state courts of California and the Central District of California as the fora for actions to enforce the terms of the EFA. (*Id.* ¶ 4).

Defendant arranged with Dahlia Health LLC, an equipment vendor, to acquire certain equipment for its business and to finance the purchase of that equipment. (*Id.* ¶ 10). Dahlia Health LLC submitted Defendant's credit application to various financial institutions, including Plaintiff. (*Id.* ¶ 11). Thereafter, the parties executed the EFA. (*Id.* ¶ 12). Pursuant to the EFA, Plaintiff loaned Defendant $80,970, to be repaid to Plaintiff in 60 monthly installments of $1,798.68, beginning on November 14, 2023, with payments due on the 14th of each month thereafter. (*Id.*).

On July 14, 2024, Defendant breached the EFA by failing to make its monthly payment. (*Id.* ¶ 13). Via the EFA's acceleration clause, Plaintiff then declared the remaining balance immediately due and payable. (*Id.* ¶ 14). As a result, Defendant then immediately owed Plaintiff $93,531.36. (*Id.*). Following its default, Defendant made two additional payments of the monthly payment amount on July 14 and August 14, 2024. (Declaration of Don Ngo (Docket No. 13-1) ¶ 6). Defendant has been credited for those payments. The EFA separately provides that Defendant is responsible for late charges on missed payments. (Complaint ¶ 15). At the time Plaintiff filed the Complaint, it calculated the late charges as $323.76. (*Id.*).

Plaintiff alleges that it has performed all of its obligations under the EFA. (*Id.* ¶ 16). Plaintiff seeks $90,257.77 in damages, plus prejudgment interest, attorneys' fees, and costs, for a total amount of $99,879.40. (*See id.* ¶ 17; Motion at 12). (Though Plaintiff sought slightly less in the Motion; it requested that $24.72 in prejudgment interest per day be assessed for each day after the initially noticed hearing date of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-01829-MWF (DFMx) | **Date:** December 17, 2024 |
| **Title:** Ameris Bank v. Vitacore, Inc. | |

December 9, 2024. (*See* Motion at 12). Because seven days have elapsed since the initially noticed hearing date, the Court has increased the requested amount by $173.04.) The EFA provides that Defendant will owe Plaintiff for attorneys' fees and costs arising out of Plaintiff's enforcement of the EFA. (Complaint ¶ 18).

### B. Procedural History

On October 7, 2024, Plaintiff served Christine Coash, Defendant's registered agent for service of process, with a copy of the Summons and Complaint. (Proof of Service (Docket No. 9)). Defendant, however, failed to appear or otherwise respond to the Complaint. (*See generally* Docket). Plaintiff therefore filed a request for the Clerk to enter default against Defendant, and default was entered on October 30, 2024. (Dockets Nos. 10, 11).

On November 1, 2024, the Court issued an OSC and instructed Plaintiff to file a motion for default judgment by December 2, 2024. (Docket No. 12). Pursuant to the OSC, Plaintiff filed the Motion on November 12, 2024. (*Id.*).

## II. DISCUSSION

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a). The decision of whether to enter default judgment is within the sole discretion of the trial court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("The district court's decision whether to enter a default judgment is a discretionary one"). To determine whether a default judgment is appropriate, the Court must assess whether Plaintiff has met the jurisdictional, procedural, and substantive requirements.

### A. Jurisdiction

Before entering default judgment, the Court has an "affirmative duty" to evaluate the basis for jurisdiction over the defendant, as "[a] judgment entered without personal jurisdiction over the parties is void." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Federal courts do not have personal jurisdiction over a defendant unless he has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-01829-MWF (DFMx) | **Date:** December 17, 2024 |
| **Title:** Ameris Bank v. Vitacore, Inc. | |

been properly served under Federal Rule of Civil Procedure 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

Under Rule 4, service on a corporation, partnership, or association may be effectuated "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process." Fed. R. Civ. P. 4(b)(1)(B).

The Proof of Service, filed on October 22, 2024, indicates that Christine Coash, Defendant's registered agent for service of process, was personally served on October 7, 2024. (Docket No. 9). Service was therefore properly effectuated pursuant to Rule 4.

Additionally, as noted, the EFA contained a forum selection clause indicating the Central District California as a forum for actions arising to enforce the terms of the EFA. (Complaint ¶ 4).

Accordingly, the Court has personal jurisdiction over Defendant.

### B.     Procedural Requirements

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a). The Local Rules also require the party moving for default judgment to submit a declaration establishing: (a) when and against what party the default was entered; (b) the identification of the pleading to which default was entered; (c) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) that the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) that notice has been served on the defaulting party, if required by Rule 55(b)(2). *See* Local Rule 55-1.

Having reviewed the filings in this action, the Court determines that all procedural requirements under Federal Rule of Civil Procedure 55 and Local Rule 55-1 have been met. On October 30, 2024, the Clerk entered default against Defendant after

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | CV 24-01829-MWF (DFMx) | **Date:** | December 17, 2024 |
| **Title:** | Ameris Bank v. Vitacore, Inc. | | |

it failed to respond to the complaint. (Docket No. 11). Based on a declaration provided by Plaintiff's counsel, Defendant is not an infant, an incompetent person, or in the military. (*See* Declaration of Jared T. Densen ("Densen Dec.") (Docket No. 13-2) ¶ 4).

As a matter of discretion, the Court also requires that a plaintiff serve an application for default judgment on the relevant defendant. The Court does not require service under Rule 4 but does require that the service is reasonably likely to provide notice to the defendant. Here, Plaintiff included a Proof of Service with its Motion indicating that the Motion and supporting declarations were served to Defendant via U.S. mail. (Proof of Service (Docket No. 13-4 at 2-3)).

Accordingly, Plaintiff has met the procedural requirements for obtaining a default judgment.

### C. **Substantive Requirements**

With respect to the substantive requirements, the Ninth Circuit directs courts to consider seven discretionary factors before rendering a decision on a motion for default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The seven factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the Complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring a decision on the merits. *See id.*

#### 1. **Possibility of Prejudice**

The first factor asks the Court to consider if prejudice to the Plaintiff would occur without the default judgment, e.g., where there is no "recourse for recovery" other than default judgment. *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). Because Defendant's failure to answer the Complaint constitutes an admission as to the allegations contained in the Complaint,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-01829-MWF (DFMx) | **Date:** December 17, 2024 |
| **Title:** Ameris Bank v. Vitacore, Inc. | |

the Court must accept these allegations as true. *See id.* at 500. Plaintiff will be without recourse and will likely suffer prejudice without judgment due to Defendant's actions.

Accordingly, the first *Eitel* factor weighs in favor of default judgment.

### 2. Merits and Sufficiency

The second and third *Eitel* factors, which turn on the merits of Plaintiff's substantive claims and the legal sufficiency of the operative complaint, merit further analysis. *See Eitel*, 782 F.2d at 1471–72. Courts typically evaluate these factors together, looking to whether the plaintiff has "state[d] a claim on which the [plaintiff] may recover." *PepsiCo Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). "[C]ourts often treat these as the [two] most important [*Eitel*] factors." *Mnatsakanyan v. Goldsmith & Hull APC*, No. CV 12-4358 MMM (PLAx), 2013 WL 10155707, at *10 (C.D. Cal. May 14, 2013). As a general rule when reviewing a motion of default judgment, a court must accept the factual allegations of the complaint as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

"The standard elements of a claim for breach of contract are: '(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom.'" *Wall St. Network v. N.Y. Times Co.*, 164 Cal. App. 4th 1171, 1178, 80 Cal. Rptr. 3d 6, 12 (2008) (quoting *Regan Roofing Co. v. Superior Court*, 24 Cal. App. 4th 425, 434-35, 29 Cal. Rptr. 2d 413, 418 (1994)).

As to the first prong, Plaintiff has attached as an exhibit to the Complaint a copy of the EFA, which is the operative contract. (EFA (Docket No. 1-1)). As to the other prongs, Plaintiff alleges in its Complaint that it has performed all obligations under the contract or has been excused from performance by Defendant's default (Complaint ¶ 16), that Defendant defaulted on the loan in violation of the EFA (*id.* ¶ 13), and that Plaintiff has been damaged by not receiving the loan payments (*id.* ¶ 17).

Accordingly, the second and third *Eitel* factors favor default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-01829-MWF (DFMx) | **Date:** December 17, 2024 |
| **Title:** Ameris Bank v. Vitacore, Inc. | |

### 3. Amount in Dispute

Under the fourth factor, the Court "must consider the amount of money at stake in relation to the seriousness of [the] [d]efendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176; *see also Eitel*, 782 F.2d at 1471–72. "When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Bd. of Trs. v. Core Concrete Const., Inc.*, No. 11-cv-2532, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012) (citing *Eitel*, 782 F.2d at 1472). However, when "the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Id.* (citations omitted).

Here, Plaintiff seeks a relatively substantial amount—$90,257.77 in damages, $5,210.31 in attorneys' fees, $555.00 in costs, and $3,881.04 in prejudgment interest (after accounting for a slight upward adjustment in the prejudgment interest calculation). (Motion at 12). However, this amount of damages is directly related to the harm allegedly caused by Defendant—it is simply the amount of compensation due to Plaintiff from the missed payments, plus interest, fees, and costs. It is therefore specifically tailored to this dispute and is permissible, despite its being a relatively large figure.

Accordingly, the fourth factor favors default judgment.

### 4. Possibility of Factual Dispute

"The fifth *Eitel* factor examines the likelihood of disputes between parties regarding material facts surrounding the case." *PepsiCo*, 238 F. Supp. 2d at 1177. Upon entry of default by the clerk, the factual allegations of the complaint, except those relating to the amount of damages, are taken as true. *TeleVideo Sys.*, 826 F.2d at 917–18. Here, Defendant has shown no intent to participate in the action, default has been entered, and Plaintiff has demonstrated facts necessary to support its claims. Therefore, it seems unlikely a genuine issue may exist. *See Elektra Enter. Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2019). Defendant has also not opposed the Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 24-01829-MWF (DFMx) | Date: December 17, 2024 |
| Title: Ameris Bank v. Vitacore, Inc. | |

Accordingly, this factor favors default judgment.

### 5. Excusable Neglect

Excusable neglect favors a default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. There is no indication of excusable neglect here because Defendant was properly served with the Complaint. (*See* Motion at 11).

Accordingly, this factor favors default judgment.

### 6. Policy

Under the sixth factor, the Ninth Circuit has stated that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. While this factor may slightly weigh against entering default judgment, it is not dispositive in light of the other factors supporting default judgment. *See PepsiCo*, 238 F. Supp. 2d at 1177 (noting that the policy preference to decide cases on the merits "standing alone, is not dispositive").

Accordingly, on balance, the Court concludes that the *Eitel* factors weigh in favor of granting the Motion.

### D. Remedies

Having determined that entry of default judgment is appropriate, the Court next must consider remedies. Plaintiff seeks three forms of relief: (1) $90,257.77 in damages, (2) $5,210.31 in attorneys' fees, (3) $555.00 in costs, and (4) $3,881.04 in prejudgment interest (accounting for the hearing date's one-week delay). (Motion at 12). The requested remedies are procedurally proper because they do not "differ in kind from, or exceed in amount, what is demanded in the pleadings." *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1051 (N.D. Cal. 2010) (quoting Fed. R. Civ. P. 54(c)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-01829-MWF (DFMx) | **Date:** December 17, 2024 |
| **Title:** Ameris Bank v. Vitacore, Inc. | |

### 1. Damages

Plaintiff seeks $90,257.77 in damages, which is based on the value of the remaining payments Defendant owes to Plaintiff under the terms of the EFA. (Motion at 11-12).

When a plaintiff seeks money damages in a default judgment, "the plaintiff must 'prove-up' its damages." *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1053–54 (C.D. Cal. 2011) (citations omitted). Here, Plaintiff's requested damages figure is a straightforward application of the terms of the EFA and Defendant's obligations thereunder,

Therefore, the Court determines that Plaintiff is entitled to statutory damages of **$90,257.77**.

### 2. Prejudgment Interest

The EFA permits Plaintiff to bring an action for unmade payments but does not appear to set forth a contractually mandated rate of interest on those payments. (*See* EFA § 19). California Civil Code section 3289(b) provides that "[i]f a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach." Cal. Civ. Code § 3289(b).

Using the 10% per annum rate, Plaintiff calculated in the Motion and its supporting papers that Plaintiff was owed $3,683.28 in prejudgment interest. (*See* Densen Dec. ¶ 5). That amount is based on the following calculation: $90,257.77 (Plaintiff's damages) x .10 = $9,025.77 / 365 calendar days = $24.72 in prejudgment interest per day x 149 days between breach and the initially noticed hearing date = $3,683.28 in prejudgment interest. (*Id.*). Of the Court's accord, the hearing date on the Motion was moved from December 9 to December 16, 2024, and this Order issued on December 17, 2024. Accordingly, the Court awards an additional eight days' worth of prejudgment interest, calculated by the daily rate: $24.72 x 8 = $197.76. When

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-01829-MWF (DFMx) | **Date:** December 17, 2024 |
| **Title:** Ameris Bank v. Vitacore, Inc. | |

added to Plaintiff's requested total, Plaintiff is entitled to prejudgment interest in the amount of **$3,881.04**.

### 3. Attorneys' Fees

Pursuant to Local Rule 55-3, Plaintiff seeks an award of attorneys' fees in the amount of $5,210.31, based on $90.527.77 in damages. (Motion at 12). The Court has already determined that Plaintiff's requested damages award is reasonable.

Local Rule 55-3 provides that where the amount of judgment falls within $50,000.01 and $100,000, attorneys' fees should be awarded in the sum of $3,600, plus 4% of the amount over $50,000. This calculation results in attorneys' fees of $5,210.31 [$3,600 + ($40,257.77 x 0.04)].

Therefore, the Court awards Plaintiff **$5,210.31** in attorneys' fees.

### 4. Costs

Finally, Plaintiff seeks $555.00 to cover filing and service-of-process costs. (Motion at 2). As the costs cover strictly necessary expenditures—the filing of the Complaint and service of process upon Defendant—the Court finds that the requested amount is reasonable.

Therefore, the Court awards Plaintiff **$555.00** in costs.

### III. CONCLUSION

Accordingly, the Motion is **GRANTED**. Plaintiff has satisfied the procedural and substantive requirements for a default judgment and is awarded **$90,527.77** in damages, **$5,210.31** in attorneys' fees, **$3,881.04** in prejudgment interest, and **$555.00** in costs as requested. The OSC is hereby **DISCHARGED**.

A separate judgment shall issue.

IT IS SO ORDERED.